IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DARRELL K. THOMPSON, WILLIAM T. HOLT, DECEASED, LEATHA J. HOLT, NEXT OF KIN, and NEWAIR MANUFACTURING LLC.<br><br>                    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., PHYSIO-CONTROL INTERNATIONAL, INC., PHYSIO-CONTROL, INC., JOLIFE AB/PHYSIO-CONTROL, BAIN CAPITAL, INC., and STRYKER CORP.<br><br>                    Defendants. | CASE NO.:  2:16-cv-03013<br><br>(Removed from Shelby County Circuit Court Docket No. CT-004818-16)<br><br>JURY DEMANDED |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 1441(b), 1446, and 1454, Defendants Stryker Corporation, Physio-Control International, Inc., Physio-Control, Inc., and JoLife AB (collectively the "Stryker Defendants"), through undersigned counsel, hereby remove the above-referenced case from the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee.[1]  In support of this Notice of Removal, the Stryker Defendants state the following:

1.      On November 30, 2016, Plaintiffs filed this action against Defendants in the Circuit Court of Shelby County, Tennessee.  The Complaint is captioned *Thompson v. Medtronic, Inc.*, Case ID CT-004818-16.

---

[1] By removing this action to this Court, the Stryker Defendants do not waive any defenses, objections, or motions available under state or federal law.  The Stryker Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or doctrine of *forum non conveniens*.

1

2. Plaintiffs bring claims against the Defendants for "Correction of Inventorship" of a patent pursuant to 35 U.S.C. § 256 and unjust enrichment. (*See generally* Compl. ¶¶ 1-2, 46-52.)

3. The Complaint states that "[t]his is an action under the patent laws of the United States, 35 U.S.C. @ [sic] 256 seeking correction of inventor-ship of a United States patent by adding plaintiffs . . . as Joint Inventors and possibly deleting incorrectly named inventors." (Compl. ¶ 2; *id.* ¶ 49.) Plaintiffs allege that they should be identified as co-inventors on patents owned by certain Defendants, based on alleged contributions they made to the conception of the inventions claimed therein. (*See* Compl. ¶¶ 12-15, 46-49.)

4. Plaintiffs also allege that certain Defendants have been "unjust[ly] enriched at the expense of Plaintiffs. Specifically, by obtaining the '7841996B2' patent without naming Thompson as a co-inventor." (Compl. ¶ 51.)

5. Stryker Corporation and Physio-Control, Inc. each received service of a Summons and a copy of the Complaint in this matter on December 14, 2016. Copies of those materials are attached hereto.

**THIS CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION.**

6. This case is removable pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. This case is also removable pursuant to 28 U.S.C. § 1338(a), which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court

shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."

8. This case is further removable pursuant to 28 U.S.C. § 1454, which provides that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents . . . may be removed to the district court of the United States for the district and division embracing the place where the action is pending."

9. Plaintiffs' Complaint alleges an action under the patent laws of the United States, 35 U.S.C. § 256, seeking correction of inventorship of a United States patent. (*See* Compl. ¶¶ 12-15, 46-49.)

10. This Court has supplemental jurisdiction over Plaintiffs' unjust enrichment claim pursuant to 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's unjust enrichment claim forms part of the same case or controversy as the correction of inventorship claim because both claims pertain to the same allegations: that Plaintiffs should be named as inventors on a patent, and receive compensation as a result.

**THIS CASE IS REMOVABLE BASED ON DIVERSITY OF CITIZENSHIP.**

11. A corporation is considered a citizen of both its place of incorporation and its principal place of business. *See Andrews v. TD Ameritrade, Inc.*, 596 Fed. Appx. 366, 372 (6th Cir. 2014). The fact that a defendant maintains an office in the same state where the case was initiated in state court "does not destroy diversity jurisdiction unless plaintiff can show that the

office there is the 'principal place of business' or 'the nerve center' of the company." *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-95 (2010).

12. Defendant Stryker Corporation is a citizen of the State of Michigan for purposes of diversity jurisdiction because it is incorporated in the State of Michigan and has its principal place of business in Kalamazoo, Michigan.

13. Defendant Physio-Control International Inc., an indirect subsidiary of Stryker Corporation, is a citizen of the State of Washington for purposes of diversity jurisdiction because it is incorporated in the State of Washington and has its principal place of business in Tumwater, Washington.

14. Defendant Physio-Control, Inc., also an indirect subsidiary of Stryker Corporation, is a citizen of the State of Washington for purposes of diversity jurisdiction because it is incorporated in the State of Washington and has its principal place of business in Redmond, Washington.

15. Defendant Jolife AB, an indirect subsidiary of Physio-Control, Inc., is a Swedish entity with its registered office in the municipality of Lund, Sweden.

16. On information and belief, Defendant Medtronic, Inc. is a citizen of the State of Minnesota for purposes of diversity jurisdiction because it is incorporated in the State of Minnesota and has its principal place of business in Minneapolis, Minnesota. The Complaint states that Medtronic, Inc. has a "local Department in Memphis TN." (Compl. ¶ 6.) But this does not destroy diversity jurisdiction. *See Andrews*, 596 Fed. Appx. at 372. Counsel for Medtronic has confirmed with counsel for the Stryker Defendants that Medtronic consents to the filing of this Notice of Removal. Attached as Exhibit 1 is correspondence from Medtronic's counsel confirming its consent to removal.

17. On information and belief, Defendant Bain Capital Inc. is a citizen of the States of Delaware and Massachusetts for purposes of diversity jurisdiction because it is incorporated in the State of Delaware and has its principal place of business in Boston, Massachusetts.

18. On information and belief, Plaintiffs Darrell K. Thompson and Leatha J. Holt are citizens of the State of Tennessee. (Compl. ¶¶ 3-5.) On information and belief, Plaintiff Newair Manufacturing LLC was a Tennessee LLC, but has had "Inactive – Dissolved" status since 2002.

19. There is complete diversity among the parties because Plaintiffs are citizens of Tennessee, and Defendants are citizens of, respectively, Michigan, Washington, Minnesota, Massachusetts, and Sweden.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET.

20. The $75,000 amount required by 28 U.S.C. § 1332(a) has been met. Under 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" for removal purposes. The Complaint specifically prays for "[a]n award of damages from defendants in an amount of One (1) Billion Dollars, plus interest and cost of suit." (Compl. at WHEREFORE clause, subsection (b).) Assuming this demand is made in good faith – and for purposes of this removal notice only – the amount in controversy exceeds $75,000. The Stryker Defendants reserve all other rights regarding the ultimate unavailability or lack of damages in this case.

## STRYKER HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL.

21. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit 2 hereto is a true and correct copy of all process, pleadings, and orders which as of this date have been served upon the Stryker Defendants in the state court action.

22. Pursuant to 28 U.S.C. § 1446(b), promptly upon filing of this Notice of Removal, copies thereof will be sent to Plaintiffs' counsel and filed with the Clerk of the Court in the state court action.

23. The Stryker Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under the Rule 12 of the Federal Rules of Civil Procedure.

24. This Notice of Removal is timely because it was filed within 30 days of the Stryker Defendants being served or otherwise having received copies of the Complaint. 28 U.S.C. § 1446(b). Stryker Corporation and Physio-Control, Inc. were served on December 14, 2016. Plaintiffs' Complaint was filed on November 30, 2016.

25. This Notice of Removal is signed by the Stryker Defendants' counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE the Stryker Defendants hereby give notice of the removal of the above-captioned case filed in the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee. A jury is hereby respectfully requested.

DATED this 29th day of December, 2016.

**LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.**

By: s/ Christopher L. Vescovo
CHRISTOPHER L. VESCOVO (14516)
2900 One Commerce Square
40 South Main Street
Memphis, TN 38103
(901) 525-8721
cvescovo@lewisthomason.com

**SHOOK, HARDY & BACON LLP**

B. Trent Webb (*pro hac vice* pending)
John D. Garretson (*pro hac vice* pending)
Lynn C. Herndon (*pro hac vice* pending)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
T: 816.474.6550
F: 816.421.5547
bwebb@shb.com
jgarretson@shb.com
lherndon@shb.com

*Attorneys for Defendants Stryker Corporation, Physio-Control International, Inc., Physio-Control, Inc., and Jolife AB/Physio-Control.*

7930860