# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DARRELL K. THOMPSON, ) <br> WILLIAM T. HOLT (DECESASED), ) <br> LEATHA J. HOLT (NEXT OF KIN), and ) <br> NEWAIR MANUFACTURING, LLC, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> MEDTRONIC, INC., ) <br> PHYSIO-CONTROL INT'L INC., ) <br> PHYSIO-CONTROL, INC., ) <br> JOLIFE AB/PHYSIO-CONTROL, ) <br> BAIN CAPITAL INC., and ) <br> STRYKER CORPORATION, ) <br> ) <br> Defendants. ) | CASE NO.: 2:16-cv-03013 <br><br><br> **JURY DEMAND** |

## DEFENDANT MEDTRONIC, INC.'S CONSENT MOTION TO STRIKE PLAINTIFFS' SUR-REPLY TO MOTION TO DISMISS (DOC. 33) AND INCORPORATED MEMORANDUM

Defendant Medtronic, Inc. ("Medtronic"), by and through undersigned counsel, respectfully moves the Court to strike Plaintiff's Sur-Reply[1] filed on April 4, 2017. In support of this Motion, Medtronic states as follows:

1. On February 7, 2017, Medtronic filed its Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement (Doc. 24). On March 6, 2017, Plaintiffs responded to Medtronic's Motion (Doc. 29), and, as allowed by Local Rule 12.1(c), Medtronic filed its Reply brief (Doc. 30) in support of its Motion to Dismiss on March 20, 2017.

---

[1] The title of Plaintiffs' April 4th brief notwithstanding, the brief is a sur-reply for all intents and purposes.

2. On April 4, 2017, Plaintiffs filed the Sur-Reply in response to Medtronic's reply brief. Plaintiffs did not move the Court for leave to file a sur-reply or otherwise consult with Medtronic regarding the brief. Local Rule 12.1 only allows for the filing of a reply in support of a motion to dismiss without prior court approval. *See* LR 12.1(c).

3. This Court has broad discretion to control its Docket. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (affirming that matters of docket control are "committed to the sound discretion of the district court"). In exercising that discretion, this Court may strike, decline to consider, or otherwise disregard improper or unauthorized filings. *See McEelroy v. Amylin Pharm., Inc.*, No. 1:12-CV-297, 2013 WL 12099073, at *5 (E.D. Tenn. Aug. 5, 2013), *aff'd sub nom. McElroy v. Amylin Pharm., Inc.*, 573 F. App'x 545 (6th Cir. 2014) (granting motion to strike plaintiffs' unauthorized reply that violated local rule's page limit); *see also Spec's Family Partners, Ltd. v. First Data Merch. Servs. Corp.*, No. 2:14–cv–02995–JPM–CGC, 2015 WL 6869206, at *2 (W.D. Tenn. Nov. 9, 2015) (declining to consider reply brief filed without leave of court).

4. Plaintiffs' Sur-Reply—which discusses only pre-existing authorities and otherwise re-hashes Plaintiffs' arguments—was filed in violation of the Local Rules. For these reasons, Plaintiffs' Sur-Reply should be stricken and neither accepted nor considered by the Court.

5. In the Western District, sur-replies and other post-reply briefs are "highly disfavored," especially when they regurgitate arguments and "merely attempt to have the last word on the matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 798 (W.D. Tenn. 2012).

6.	Furthermore, a party is "obliged to seek permission from the Court" before filing a post-reply brief.  *Cadence Bank, N.A. v. Latting Road Partners, LLC*, 699 F. Supp. 2d 1041, 1043 (W.D. Tenn. 2010).  Plaintiffs' brief is an "additional reply" filed "without leave of court."  Plaintiffs did not receive leave of court to file the sur-reply or even ask for it.

7.	A party's failure to consult with opposing counsel likewise provides "good grounds" for denying the party's requested relief.  *See Jackson v. WMC Mortg. Corp.*, 2013 WL 5550228, at *7 (W.D. Tenn. Oct. 8, 2013); LR 7.2(a)(1)(B).  Here, Plaintiffs did not consult with Medtronic prior to filing the Sur-Reply, as evidenced by the lack of a certificate of consultation, which also violates the Local Rules.  *See* LR 7.2(a)(1)(B).

8.	In sum, Plaintiffs filed their Sur-Reply without leave of the Court, without consulting with Defendants regarding the filing, and in violation of the Local Rules as to sur-replies on dispositive motions.

9.	Given this litany of errors, Medtronic respectfully requests that this Court strike Plaintiffs' Sur-Reply and neither accept nor consider the brief.  Medtronic further requests any additional relief the Court deems warranted under the circumstances.  Pursuant to Local Rule 7.2(a)(1)(A), a proposed order has been submitted for the Court's consideration.  Further, Plaintiffs consent to this Motion.

Dated:  April 10, 2017

Respectfully submitted,

s/ Nicholas L. Vescovo
Leo M. Bearman (#8363)
Robert F. Tom (#26636)
Nicholas L. Vescovo (#30387)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000

3

        Memphis, TN 38103
        Phone: 901.577.2159
        Fax: 901.577.0818
        lbearman@bakerdonelson.com
        rtom@bakerdonelson.com
        nvescovo@bakerdonelson.com

        Martin R. Lueck (admitted *pro hac vice*)
        David A. Prange (admitted *pro hac vice*)
        Sharon Roberg-Perez (admitted *pro hac vice*)
        ROBINS KAPLAN LLP
        800 LaSalle Avenue, Suite 2800
        Minneapolis, Minnesota 55402
        Phone: (612) 349-8500
        Fax: (612) 339-4181
        MLueck@robinskaplan.com
        DPrange@robinskaplan.com
        SRoberg-Perez@robinskaplan.com

        *Attorneys for Defendant Medtronic, Inc.*

## CERTIFICATE OF CONSULTATION

On April 10, 2017, counsel for Defendant Medtronic, Inc. consulted via telephone with counsel for Plaintiffs regarding the relief requested herein. Plaintiffs' counsel stated that Plaintiffs consent to this motion.

        s/ Nicholas L. Vescovo

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF filing system.

        s/ Nicholas L. Vescovo